[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#108)
The defendant's self-serving affidavit in support of his motion for summary judgment as to count one (defamation) is not sufficient to satisfy his burden of showing the absence of any genuine issue of material fact either as to the truth of the statements contained in his campaign flyer which gave rise to the claim of defamation or his claim that his statements are protected by the common law privilege of fair comment. Further, even assuming that the statements in question are fair comment, whether the defendant has lost this qualified privilege by making the statements with malice, is a question of fact. See Goodrichv. Waterbury Republican-American, Inc., 188 Conn. 107, 114, 120, CT Page 13816 448 A.2d 1317 (1982); Miles v. Perry, 11 Conn. App. 584, 594 n. 8,529 A.2d 199 (1987). Whether the statement in question refers to Peter Ladziki only or the entire Ladziki family is also a question of fact that cannot be resolved on summary judgment. The motion for summary judgment as to count two (tortious interference with contract) is entirely dependent on the grounds set forth as to count one. Therefore, the defendant's motion for summary judgment is, in all respects, denied.
Peck, J.